FILED

2010 SEP 28 PM 2:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

Jeffrey K. Berns, CA Bar No. 131351
jberns@law111.com
David M. Arbogast, CA Bar No. 167571
darbogast@law111.com
ARBOGAST & BERNS LLP
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, California  91367
(818) 961-2000
(818) 936-0232 Fax

William M. Sweetnam (pending admission *pro hac vice*)
SWEETNAM LLC
5 Revere Drive, Suite 200
Northbrook, Illinois  60062
(847) 498-7500
(847) 919-4399 (fax)
wms@sweetnamllc.com

Attorneys for Plaintiff Michael P. Huyge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. HUYGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., CONSUMERINFO.COM, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **SACV10-1463 CJC(RZx)**<br>**CLASS ACTION COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff, Michael P. Huyge, individually and on behalf of all others similarly situated, through his undersigned counsel, complains against Defendants, Experian Information Solutions, Inc. ("EIS"), ConsumerInfo.com, Inc. ("CIC"), and Does 1 through 10, inclusive (collectively, "Defendants"), pursuant to the investigation of his attorneys and upon personal knowledge as to himself and his own acts and otherwise upon information belief, as follows:

## NATURE OF THE CASE

1. This is a class action brought on behalf of Plaintiff individually and a class of similarly situated Arizona consumers who were enrolled in Defendants' Triple Advantage® Credit Monitoring without their knowledge after visiting the websites FreeCreditReport.com or ConsumerInfo.com, as defined more fully herein.

2. The websites FreeCreditReport.com and ConsumerInfo.com purport to offer credit reports for "free" or for only $1.00, taking advantage of consumers who are seeking the free annual credit report they are entitled under federal law and which is available to them by visiting the website AnnualCreditReport.com, the only federally authorized source for free reports. FreeCreditReport.com and ConsumerInfo.com, on the other hand, are decoys used by Defendants to enroll unwitting consumers in their Triple Advantage® "credit monitoring" service for $14.95 billed automatically each month to their credit cards unless they take the necessary steps to cancel the service before the "free" trial period.

3. This complaint alleges causes of action for breach of contract, fraud violation of the California Business and Professions Code § 17500 and violation of the California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(a) insofar as this is a civil action wherein jurisdiction is founded only on diversity of citizenship and this is a judicial district in which a substantial part of the omissions giving rise to Plaintiff's claims occurred.

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2) insofar as this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action, within the meaning thereof, in which members of the class are citizens of states different from Defendants.

## PARTIES

6. Plaintiff, Michael P. Huyge, is a natural person residing in Scottsdale, Arizona. Plaintiff is a citizen of Arizona. Plaintiff is a member of the class defined herein.

7. Defendant, Experian Information Solutions, Inc. ("EIS"), is a corporation organized under the laws of the State of Ohio with it principal place of business in Costa Mesa, California. EIS is a citizen of both Ohio and California.

8. Defendant, ConsumerInfo.com, Inc. ("CIC"), is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California. CIC is a citizen of California.

9. At all times mentioned herein, were engaged in the business of providing free or low cost credit reports that are the subject of this Complaint, throughout the State of California, including in Orange County, California.

10. Plaintiffs are informed, believe, and thereon allege, that each of the Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, joint venture principles, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiffs' injuries, as herein alleged, were proximately caused by the conduct of Defendants.

11. Plaintiffs are informed, believe, and thereon allege, that at all times material hereto and mentioned herein, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining defendant.

12. Plaintiffs are informed, believe, and thereon allege, that at all times herein mentioned, each defendant was acting in concert or participation with each other, or was a joint participant and collaborator with the others in the acts complained of, and/or was the agent or employee of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together. Each defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other defendants and was

acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other defendants.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs allege, on information and belief, that each Doe defendant is responsible for the actions herein alleged. Plaintiffs will seek leave of Court to amend this Complaint when the names of said DOE defendants have been ascertained.

## BACKGROUND OF THE SCHEME

14. The Fair and Accurate Credit Transactions Act of 2003 ("FACT Act") amended the FCRA and directed the Commission to promulgate a rule specifying the procedures for consumers to obtain free annual file disclosures from nationwide CRAs and nationwide specialty CRAs.

15. To carry out this directive, the Commission promulgated the Free Reports Rule, which took effect in a structured roll-out beginning on the West Coast in December 2004 and ending on the East Coast in September 2005.

16. The purpose of the original Rule was to enable consumers to detect and dispute inaccurate or incomplete information in the files of nationwide CRAs by providing consumers with the opportunity to obtain annual file disclosures free of charge.

17. The original Rule required that the nationwide CRAs jointly establish and operate a centralized source from which consumers can obtain free annual file disclosures through a single dedicated Internet website (AnnualCreditReport.com), a toll-free telephone number, or a postal address.

18. Consumers may request and obtain their free annual file disclosures from each nationwide CRA at one time or stagger their requests throughout the year.

19. Since issuance of the original Rule, Defendants have perpetrated a scheme and common course of conduct whereby they enroll consumers in costly "credit monitoring" subscriptions without adequately disclosing that those consumers are entitled to absolutely free annual file disclosures under federal law.

20. Experian advertises free or low cost credit reports' in connection with the purchase of its credit monitoring products and services.

21. Experian takes advantage of consumers' general knowledge that free annual file disclosures are available under federal law.

22. Experian's advertising directs consumers not to AnnualCreditReport.com, the authorized source for free annual file disclosures, but to its own commercial website in an effort to sell unwanted credit monitoring products and services.

23. As a result of this advertising, including Experians's FreeCreditReport.com, consumers are misled about where to obtain the free annual file disclosure mandated by federal law.

24. To dispel this consumer confusion, Congress enacted section 205 of the Act ("section 205"). Section 205 directed the Federal Trade Commission ("FTC") to promulgate a rule, within nine months from the date of enactment of the Act, that would require advertisements for "free credit reports" in any medium to include certain prominent disclosures. For television and radio advertisements, section 205 specifies the language for the required disclosure: "This is not the free credit report provided for by Federal law." This disclosure must appear in both the audio and visual portion of the advertisement.

25. For all other media, Section 205 directed the FTC to issue a rule determining the content and placement of the disclosures.

26. Pursuant to Section 205, the FTC amended title 16, Chapter I, Subchapter F, of the Code of Federal Regulations, part 610 as follows:

> All advertisements for free credit reports in print shall include the following disclosure in the form specified below and in close proximity to the first mention of a free credit report. The first line of the disclosure shall be centered and contain only the following language: "THIS NOTICE IS REQUIRED BY LAW". Immediately below the first line of the disclosure the following language shall appear: "You have the right to a free credit report from *AnnualCreditReport.com* or 877-322-8228, the ONLY authorized source under federal law."

16 CFR 610.4(b)(3).

27. A similar disclosure must appear on internet websites offering free credit reports. 16 CFR 610.4(b)(4).

28. In an apparent effort to avoid having to make the disclosure required by the FTC, and in furtherance of its intent to deceive consumers, FreeCreditReport.com began charging $1.00 for credit reports offered on its site.

## FACTUAL ALLEGATIONS

29. This action arises from Defendants' scheme and artifice to defraud Plaintiff and other consumers who comprise the class by offering credit reports for "free" or for a nominal fee then enrolling those persons in a negative-option "credit monitoring" service for $14.95 per month charged automatically each month to their credit card accounts.

30. The scheme employed by Defendants lures consumers seeking to obtain the free annual credit report to which they are entitled by federal law and which EIS and other credit reporting agencies supply as part of the federally authorized annual free credit reports offered at www.annualcreditreport.com.

31. As part of their scheme, Defendants maintain a separate, commercial website at www.freecreditreport.com ("FreeCreditReport.com"). Unbeknownst to Plaintiff and other members of the class who have visited FreeCreditReport.com, the site is a decoy used by

Defendants to enroll them in a negative-option "credit monitoring" service at a monthly cost of $14.95 per month.

32. Defendants game the system by marketing their "free" credit reports to consumers who are then enrolled in their bogus "credit monitoring" service without their knowledge billing their credit cards $14.95 per month.

## FACTS RELATING TO PLAINTIFF

33. On May 25, 2010, Plaintiff visited www.freecreditreport.com to obtain his annual free credit report.

34. After ordering what he reasonably believed was a free credit report, CIC billed Plaintiff's MasterCard account for $14.95 on June 3, 2010, on July 3, 2010, and on August 3, 2010, for a total of $44.85, for "credit monitoring" service.

35. After noticing the $14.95 charge on his statements for the first time, Plaintiff contacted CIC by telephone on August 7, 2010, and disputed the charges. CIC refused to credit Plaintiff's MasterCard account.

36. Subsequently, on the same day, Plaintiff contacted his MasterCard credit card issuer and disputed the charges, which he remains responsible for paying.

## CLASS ACTION ALLEGATIONS

37. This action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), as set forth below.

38. *Class Definition.* Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class") of which Plaintiff is a member:

> All persons who obtained a credit report by visiting www.freecreditreport.com and who were enrolled in and charged for "credit monitoring" service by ConsumerInfo.com, Inc., in addition to the charge, if any, for their credit report.

Excluded from the class are Defendants and any of their officers, directors or employees, Class counsel, the presiding judge, and any member of their immediate families. Plaintiff hereby reserves his right to amend the above class definition based on discovery and the proofs at trial

39. *Numerosity*. The members of the Class are so numerous and geographically dispersed such that that joinder of all members is impracticable. Based on the geographic scope and size of Defendants' market, Plaintiff believes that there are at least hundreds of thousands of people in the Class. The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from Defendants' books and records.

40. *Commonality*. There are questions of law or fact common to the Class including, *inter alia*, the following:

   a. whether Defendant's acts and omissions alleged herein constitute a violation of the laws of California and the substantially similar laws of other states;

   b. whether Defendant's acts and omissions alleged herein constitute breach of contract;

   c. whether a declaratory judgment declaring that Defendant's scheme alleged herein, which is ongoing, is unlawful;

   d. whether Plaintiff and the members of the Class have sustained damages and, if so, what is the proper measure of their damages; and

   e. whether Plaintiff and the members of the Class are entitled to the relief sought, including injunctive relief and attorneys' fees.

41. *Typicality*. The claims of Plaintiff are typical of the claims of the Class, alleged herein. Plaintiff, as did all other Class members, obtained a credit report by visiting www.freecreditreport.com and he was enrolled in and charged for "credit monitoring" service by ConsumerInfo.com, Inc., in addition to the charge, if any, for his credit report.

42. *Adequacy*. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained the undersigned class counsel, who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

**CLASS ACTION COMPLAINT - 8**

43.     *Fed R. Civ. P. 23(b)(2) Requirements.* The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R Civ. P. 23(b)(2) exist, as Defendants has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to be Class as a whole.

44.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not unlawful. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

45.     Defendants' actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

46.     Defendants' uniform scheme and common course of conduct alleged herein makes declaratory relief with respect to the Class as a whole appropriate.

47.     *Fed. R. Civ. P. 23(b)(3) Requirements.* This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

48.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

49.     This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## COUNT I

### ( Fraud)

50.     The allegations of Paragraphs 1 through 40, *supra*, are incorporated by reference as though fully stated herein.

51. At all time relevant hereto knew that their promise of a free or low cost credit report was false, deceptive and/or misleading.

52. At all times relevant hereto, Defendants had exclusive knowledge of the facts, alleged herein and concealed, suppressed and failed to disclose the true facts to Plaintiffs and Class Members who, at all times relevant, were ignorant and unaware of the existence of the fact that if they accepted Defendants offer of a free or low cost credit report, Defendants would enroll them in unwanted credit monitoring service with recurring monthly fees. Defendants therefore had a duty to disclose the true facts to Plaintiffs and Class Members before they accepted Defendants offer for free or low cost credit reports. Had Defendants disclosed the whole truth about the free or low cost credit report by, for example, disclosing that free credit reports are available to them under federal law without the additional obligation to enroll in Defendants' costly credit monitoring service, Plaintiffs and Class Members would not have accepted Defendants' offer.

53. As alleged herein, Defendants made repeated statements to Plaintiffs and Class Members promising free or low cost credit reports without adequately disclosing the fact that free, no obligation credit reports were available under federal law or that acceptance of the offers on FreeCreditReport.com would result in recurring monthly charges for its credit monitoring service.

54. The omitted information and false representations, as alleged herein, were objectively material to both the decision as to whether to purchase and enter into a contact with Defendants. Had the true facts been disclosed to Plaintiff, Class members and the public—namely, that a free annual credit report was available to them as under federal law--, they would not have accepted the Defendants' offer of a purportedly free or low cost credit report.

55. On information and belief, at all times relevant, Defendants, and each of them, intentionally misrepresented, concealed and/or suppressed the true fact about with the intent to defraud Plaintiffs and each Class Member by misrepresenting and concealing the true facts

concerning the availability of free annual credit reports under federal law, as described in further detail herein.

56. As a direct and proximate result of Defendants' misrepresentations, failures to disclose and omission of material facts, as alleged herein, Plaintiffs and Class Members have suffered damages, which include, but are not limited to, some or all of the following: the purchase price paid for the credit monitoring service; and/or charges for the supposedly "free" credit reports as promised.

57. Plaintiffs and the Class Members also seek punitive damages against Defendants because each carried out despicable conduct with willful and conscious disregard of the rights and others, subjecting them to cruel and unjust hardship as a result. On information and belief, Defendants, through their officers, directors, and/or managers, intentionally and willfully misrepresented the true facts, deceived Plaintiffs and the Class Members, and concealed material facts that only they knew as set forth herein.

WHEREFORE, Plaintiffs and Class Members are entitled to all legal and equitable remedies provided by law, including but not limited to actual damages, exemplary damages, prejudgment interest and costs.

## COUNT III

### (Violation of California Business and Professions Code § 17500 –False and Misleading Statements)

58. The allegations of Paragraphs 1 through 35, *supra*, are incorporated by reference as though fully stated herein.

59. Defendants violated Business and Professional Code § 17500 by making or causing to be made false or misleading statements with the intent to induce members of the public seeking free or low cost credit reports to enroll in Defendants' "credit monitoring" service. These false and misleading statements include, but are not limited to, Defendants' representations that it offered free or low cost credit reports when in fact it sells such reports as part of a scheme to enroll consumers in its "credit monitoring" service.

60. Defendant knew, or by the exercise of reasonable care, should have known, that these statements were false or misleading at the time they were made.

61. Plaintiff reserves the right to allege other violations of law that constitute false or misleading statements.

62. Plaintiff has standing to bring this cause of action under Business & Professional Code § 17535 because Plaintiff has suffered injury in fact by losing money as a result of Defendants' unlawful actions.

63. The above-described false and misleading statements by Defendants present a threat and likelihood of harm and deception to Plaintiff, to members of the Class and to the general public in that Defendants have systematically perpetrated and continue to disseminate the false and misleading statements to the public regarding its free or low cost credit reports. Pursuant to Business and Professions Code § 17535, Plaintiff on behalf of himself and the Class, seek an order of this Court that Defendants and their successors, agents, representatives, employees, and all persons who act in concert with any of them, be permanently enjoined from making untrue or misleading statements in violation of Business and Professions Code § 17500 as set forth herein.

64. By this action, Plaintiff requests that Defendants be ordered to make restitution of any money, property, goods or services that may have been acquired through their violation of Business & Professions Code § 17500 as alleged in this Complaint.

65. Pursuant to Code of Civil Procedure § 1021.5 and the Court's inherent equitable power, Plaintiff seeks recovery of his costs, including costs of suit, and reasonable attorneys' fees.

## COUNT IV

**(Violation of California Business and Professions Code § 17200-Unfair Competition)**

66. The allegations of Paragraphs 1 through 35, *supra*, are incorporated by reference as though fully stated herein.

67. Plaintiff brings this cause of action on behalf of themselves, on behalf of the Class Members, and in their capacity as private attorneys general against all Defendants for their unlawful, unfair, fraudulent and/or deceptive business acts and/or practices pursuant to California Business & Professions Code section 17200 *et seq.* ("UCL") which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

68. Plaintiff asserts these claims as they are representatives of an aggrieved group and as private attorneys general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business & Professions Code §§ 17200, *et seq.*

69. Plaintiff and Class members were consumers who were victims of Defendants scheme to enroll them in its credit monitoring service. Defendants uniformly misrepresented, failed to disclose and omitted material information that was known only to themselves and that could not reasonably have been discovered by Plaintiff and Class members as set forth in the preceding counts.

70. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.*

71. As a result of the misrepresentations and material omissions as alleged herein, Plaintiff has suffered injury and lost money and property, including but not limited to the monthly charges resulting from Defendants' fraudulent scheme.

72. <u>Unlawful</u>: The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business & Professions Code §§ 17200, *et seq.* Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws including state statutory and/or common law - and said predicate acts are therefore *per se* violations of §17200, *et seq.* These predicate unlawful business acts and/or practices include, but are not limited to, the following: California Civil Code §§ 1572 (Actual Fraud), and 1710 (Deceit), and other statutory and common law in effect.

73. <u>Unfair</u>: Defendants' misrepresentations, omissions and misconduct as alleged in this action constitute negligence and other tortious conduct and gave Defendants an unfair competitive advantage over their competitors which did not engage in such practices. Said misconduct, as alleged herein, also violated established law and/or public polices which seek to promote full and complete disclosures. Misrepresenting and failing to disclose the Material Omissions to Plaintiff and Class members, before they accepted Defendants offer of a free or low cost credit report, as alleged herein, was and is directly contrary to established legislative goals and policies promoting fair business practices and thus, Defendants' acts and/or practices alleged herein were and are unfair within the meaning of Bus. & Prof. Code 17200, *et seq*.

74. The harm to Plaintiffs, members of the general public and Class members outweighs the utility, if any, of Defendants' acts and/or practices as alleged herein. Thus, Defendants' deceptive and sharp business acts and/or practices, as alleged herein, were unfair within the meaning of Bus. & Prof. Code 17200, *et seq*.

75. As alleged herein, Defendants' business acts and practices offend established public policies, including, public policies against making affirmative misrepresentations, making partial half truths and failing to disclose important material facts to consumers borrowers before they accepted Defendants' offer of a free or low cost credit report. In addition, as alleged herein, Defendants intended that Plaintiff and Class members would be misled and/or deceived into believing that the free or low cost credit reports it offers are the same free annual reports to which they are entitled to under federal law. By luring Plaintiff and Class members into accepting its offer under this falsehood, Defendants then reaped huge sums of money by then charging for Plaintiff and Class members for costly unwanted credit monitoring services on a recurring, monthly basis. This practice is and was immoral, unethical, oppressive, unscrupulous or substantially injurious to consumer and thus unfair within the meaning of Bus. & Prof. Code 17200, et *seq*.

76. At all times relevant, Defendants' misrepresentations, misconduct and omissions alleged herein caused: 1) substantial injury to Plaintiffs and the public, 2) had no countervailing

benefit to consumers or to competition that could possibly outweigh this substantial injury; and 3) caused injury that could not have been avoided or even discovered by ordinary consumers, because it resulted from Defendants' failure to disclose and/or omission of material information that only the Defendants knew or could have known. Thus, Defendants' acts and/or practices as alleged herein were unfair within the meaning of Bus. & Prof. Code 17200, *et seq.*

77.     Defendants' misconduct is unfair because the affirmative misrepresentations and material omissions alleged herein caused Plaintiffs and Class members substantial injury by a incurring monthly charges for otherwise unmarketable credit monitoring services. The harm to Plaintiff, members of the general public and Class members outweighs the utility, if any, of Defendants' acts and/or practices as alleged herein. There is no countervailing benefit to consumers or competition that outweighs the substantial injury Plaintiff and Class members have suffered. Plaintiff and Class members could not have avoided the substantial injury because Defendants had exclusive knowledge of the material facts but actively concealed these material facts from Plaintiffs and Class members through the Material Omissions. The harm to Plaintiff, members of the general public and Class Members outweighs the utility of Defendants' polices, act and/or practices, and consequently Defendants' conduct herein constitutes an unfair business act or practice within the meaning of the UCL. The misconduct as alleged herein also gave Defendants an unfair competitive advantage over its competitors that did not engage in similar conduct.

78.     <u>Fraudulent</u>: Defendants' acts and practices, as alleged herein, were likely to, and did deceive Plaintiffs and members of the public. The affirmative misrepresentations, material omissions, acts, practices and non-disclosures, as alleged herein, therefore constitute fraudulent business acts and/or practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

79.     Plaintiff actually relied on affirmative misrepresentations and material omissions as alleged herein. Plaintiff, and similarly situated members of the public, suffered injury and lost money as a direct result of the deceptive conduct as alleged herein.

80. In addition to the breach of its duty to disclose the Material Omissions, Defendants are liable under this cause of action because they were made with the intention that they would rely upon the omissions and misstatements therein.

81. As a direct and proximate result of the aforementioned affirmative misrepresentations, omissions, acts and/or practices, Defendants received monies and continue to hold the monies expended by Plaintiff and Class members who purchased [Describe] as alleged herein.

82. The unlawful, unfair, deceptive and/or fraudulent business acts and practices of Defendants, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendants' as alleged herein. Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct as alleged herein from occurring and/or reoccurring in the future.

83. As a direct and proximate result of Defendants' unlawful, unfair and/or fraudulent conduct alleged herein, Plaintiff and Class members have lost hundreds of thousands if not millions of dollars through charges for unwanted credit monitoring services. Plaintiffs and Class members are direct victims of the Defendants' unlawful, unfair and fraudulent conduct, and the named Plaintiff has suffered injury in fact, and have lost money or property as a result of Defendants' unfair competition.

WHEREFORE, Plaintiff and Class Members are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unfair, unlawful and deceptive acts and/or practices, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from engaging in the wrongful activity alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A. An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

B. For actual damages according to proof;

C. For compensatory damages as permitted by law;

D. For consequential damages as permitted by law;

E. For punitive damages as permitted by law;

F. For unjust enrichment and/or legal restitution;

G. For equitable relief, including restitution;

H. For restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition;

I. For interest as permitted by law;

J. For Declaratory Relief;

K. For Injunctive Relief;

L. For reasonable attorneys' fees and costs; and

M. For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury to the full extent permitted by law.

Dated: September 28, 2010         Respectfully submitted,

MICHAEL P. HUYGE

By:___s/ Jeffrey K. Berns_____

Jeffrey K. Berns, CA Bar No. 131351
jberns@law111.com
David M. Arbogast, CA Bar No. 167571
darbogast@law111.com
ARBOGAST & BERNS LLP
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, California 91367
(818) 961-2000
(818) 936-0232 (fax)

William M. Sweetnam (pending admission *pro hac vice*)
SWEETNAM LLC
5 Revere Drive, Suite 200
Northbrook, Illinois 60062
(847) 498-7500
(847) 919-4399 (fax)
wms@sweetnamllc.com

*Attorneys for Plaintiff Michael P. Huyge*